## EDWARD R. JOHNES

*v.*

### RICHARD OUTWATER et al.

1. The general rule is that on the foreclosure of a trust mortgage, the trustee and all the *cestuis que trust* are necessary parties to the bill.

2. There are exceptions arising in particular cases in which the court will excuse the complainant from the observance of this rule.

3. Where the bill on its face shows that a trustee and *cestuis que trust* are necessary parties, but omits to make them parties, the bill is demurrable,

Johnes *v.* Outwater.

unless it shows some sufficient reason in that particular case for not making them parties, or the nature of the case is such that it is apparent that compliance with the rule will result in great expense or hardship to the complainant.

4. A trust mortgage secured the payment of fifty bonds, of $500 each, and provided that no bondholder should foreclose until the trustee should, on request, have refused or for sixty days neglected to act, and contained a clause that in case the trustee became incapable to act, the holder of $10,000 or more of the bonds might, by a mode pointed out in the mortgage, procure the appointment of a new trustee. The trustee did become incapable. The holder of $12,000 of the bonds filed his bill as sole complainant to foreclose the mortgage, without taking the provided steps to procure a new trustee and without making parties any of the other bondholders, some of whom were known to him. A demurrer to the bill for want of a trustee and the other bondholders as parties sustained.

On demurrer to bill.

The bill in this cause shows that it is filed for the foreclosure and sale of certain premises (situated in Morris county) under the provisions of a trust deed or mortgage dated the 1st day of March, 1886, made by the Bloomingdale Graphite Company to the American Loan and Trust Company, a corporation of the State of New York, to secure the payment of fifty bonds, each conditioned for the payment to the bearer of $500 on the 1st day of April, 1906, and for payment of interest in semi-annual payments, on April 1st and October 1st in each year, with further condition that if default should be made in the payment of any half-yearly installments of interest on any of said bonds, the principal might be made due and payable as provided in the mortgage.

The American Loan and Trust Company accepted the trust and certified the bonds as issued under the mortgage.

The mortgage provided that if default should be made in the payment of interest according to the tenor thereof, and remain in default for twelve months, then the American Loan and Trust Company, or its successors, could enter on and sequestrate the mortgaged premises to pay the mortgage debt, or could enter and sell them at public auction for that purpose, or the trustee might foreclose.

The mortgage expressly provided that no bondholder should have any right to take any action or proceeding at law or in equity to foreclose or enforce the mortgage or any provision thereof until the trustee, after formal request and tender of indemnity, should have refused, or for sixty days neglected, to take such action. If interest came due and coupons were presented and payment of interest demanded, and default in payment should continue for twelve months thereafter, then the principal of all the bonds should, at the election of the trustee, become due, and on requisition signed by the holders of a majority of the bonds, and indemnity to the trustee, it should be the duty of the trustee to proceed to enforce the rights of the bondholders. If the trustee should resign, be removed as provided by the mortgage, or by any competent court, or become incapable or unfit to act, a successor might be appointed by the mortgagor, with the consent of the holders of a majority of the bonds; and if it became impracticable, after reasonable exertion, so to appoint a successor in the trust, then the holders of $10,000 of bonds might apply, on thirty days' notice to the mortgagor, to the supreme court of the State of New York for the appointment of a new trustee. The mortgage was recorded on the 10th day of April, 1886. The American Loan and Trust Company, the trustee-mortgagee, became insolvent, and by a decree made on the 1st of May, 1891, in the supreme court of the State of New York, in proceedings there had, that company was dissolved and its charter forfeited. The complainant and other bondholders (not alleged to be a majority in interest) applied to the Bloomingdale Graphite Company, requesting it to appoint a new trustee; this the latter company neglected to do.

On October 14th, 1893, the defendant Richard Outwater recovered a judgment in the New Jersey supreme court against the Bloomingdale Graphite Company, and on the judgment, caused the mortgaged premises to be sold, and on January 4th, 1894, received, by the deed of the sheriff of Morris county, of that date, a conveyance of the equity of redemption in those premises.

Of the $25,000, the whole number of bonds issued, the complainant alleges that he is the holder of $12,000, and states that 'the remainder of said bonds are owned by a number of persons, many of whom are unknown to your orator."

On October 1st, 1892, and ever since, the Bloomingdale Graphite Company has made default in the payment of the semi-annual installments of interest. It has no other property than the mortgaged premises, and since it has been deprived of these premises by the sheriff's sale, has not carried on any business.

The complainant alleges that, without taking any steps to appoint a new trustee-mortgagee, he has the right to elect that the principal sum of the mortgage has come to be due, and to enforce the provisions of the mortgage, for the reason that the appointment of a new trustee under the terms prescribed in the mortgage, would be inconvenient, dilatory and expensive, and claims that he alone may, and he does for himself and other bondholders elect, that the whole $25,000 of bonds secured by the mortgage shall become due and payable, and that the mortgage shall be foreclosed.

The complainant is the sole complainant in the bill, and he makes defendants in the foreclosure only Richard Outwater, the purchaser of the equity of redemption in the mortgaged premises, and his wife, by reason of her inchoate right of dower therein.

To this bill the defendant Outwater demurs for want of parties, specifying as his grounds—*first*, that the complainant should not be a party; *second*, that the mortgagee, the American Loan and Trust Company, or its successors or assigns, should be complainant; *third*, that the mortgagor, the Bloomingdale Graphite Company, should be a party defendant; *fourth*, that the officers of the graphite company should be made defendants, and *fifth*, that there is no equity shown in the bill.

*Mr. Edward A. S. Man*, for the complainant.

*Mr. Abraham S. Jackson*, for the demurrant.

Johnes v. Outwater.

GREY, V. C.

The third and fourth grounds of demurrer can be disposed of without extended comment. The bill shows that the title to the equity of redemption sought to be foreclosed, was, when the mortgage was made, held by the mortgagor, the Bloomingdale Graphite Company, and that by the sheriff's sale and deed this equity of redemption has been conveyed to the defendant Outwater. The bill also shows that the mortgagor is insolvent, and that being a corporation it has, because of its insolvency, suspended its business, and that it has no property or assets whatsoever.

A mortgagor may be a *proper* party to a foreclosure bill, even after he has conveyed the equity of redemption to another. *Chester* v. *King, 1 Gr. Ch. 406.* But if he has disposed of the equity of redemption, and has no interest in the mortgaged premises, he is not a *necessary* party to a bill to foreclose. *Story Eq. Pl.* §§ *197, 198 ; Harrison* v. *Johnson, 3 C. E. Gr. 425.* And a demurrer filed because such a mortgagor is not made a party, will be overruled. *Vreeland* v. *Loubat, 1 Gr. Ch. 104; Bruen* v. *Crane, 1 Gr. Ch. 348.*

On the face of this bill it is shown that the mortgagor is a corporation, which, by the operation of the sheriff's deed, has conveyed the equity of redemption to the defendant Outwater, so that it has ceased to have any interest in the mortgaged property. It has also become insolvent and without assets, so that even a statement of the account ascertaining the amount due on the bond, would be useless. I do not think the omission to make the mortgagor a defendant can be successfully criticised upon demurrer.

As to the fourth ground of demurrer, that the president, vice-president &c. of the mortgagor company should be made parties defendant, no argument to sustain this claim has been made, nor have any authorities been cited to support it. I know of no principle of good pleading which makes these persons either necessary or proper parties in a bill to foreclose.

The further objection made at the hearing, that the name of the mortgagor company has been changed since the making of

the mortgage, and that it should be made a party defendant under both its names, cannot be considered, as the facts referred to do not appear on the face of the bill.

I will consider together the first and second grounds of demurrer to the making of the complainant, who is only a bond-holder, a party, and the omission to make the trustee-mortgagee or its successor a party.

The well-settled rule is that in a foreclosure of a mortgage held by a trustee, not only the trustee, but also the *cestuis que trust* should be parties to the bill. The holders of both the legal and the equitable interests in the mortgage are necessary parties. *Story Eq. Pl.* §§ *201, 207; Allen's Executor* v. *Roll, 10 C. E. Gr. 165; Large* v. *Van Doren, 1 McCart. 208.*

The same rule was enforced where the equity of redemption was held upon a trust to sell, pay off encumbrances and apportion the net proceeds among certain specified persons, and the trustee alone was held not to be enabled to defend a bill to foreclose, and that the *cestuis que trust* were necessary parties (*Calverley* v. *Phelp, 6 Madd. 144, \*229*); and this notwithstanding that, in the trust deed, the author of the trust had in it declared that the receipts of the trustees should be a discharge to the purchaser. *Calverley* v. *Phelp, 6 Madd. 145, \*230.*

The trustee-mortgagee is the holder of the legal estate which is to be protected by the decree of foreclosure from the exercise of the right to redeem, when sale shall have been made by virtue of the decree. If the holder of the equity of redemption should wish to redeem at any time before the sale, the trustee-mortgagee is the person who should reconvey. *Wood* v. *Williams, 4 Madd. \*186.* Or if payment and satisfaction of the mortgage is desired to be made, the trustee-mortgagee is the person to whom payment or tender must be made, and who, having the custody of the mortgage, may surrender it for cancellation of record.

The demurrant Outwater is the holder of the equity of redemption. He is entitled to redeem the mortgage if he so elects; but though a decree is asked in this suit which will debar him from the exercise of this right, there is no party to the suit to whom he can make a tender of the mortgage debt, or who

can reconvey the legal estate or surrender the mortgage for cancellation.

These appear to be weighty reasons why there should be before the court, as parties in this suit, either a trustee to represent the bondholders, or the bondholders themselves as complainants or defendants.

The rule is elementary that the court must have before it all the parties whose rights will be in any way affected by its action, in order that all questions touching the subject-matter of the suit and pertinent to the relief sought may be considered and finally determined. *Story Eq. Pl.* §§ *201, 207 and notes ; Jones Mort.* § *1384; Stillwell* v. *McNeely, 1 Gr. Ch. 305 ; Brokaw* v. *Brokaw, 14 Stew. Eq. 223.*

This rule has its exceptions, arising out of the circumstances of particular cases, which may excuse the complainant from its observance. One is the inconvenience and expense of bringing before the court all of a large number of the *cestuis que trust* whose interests are substantially the same and who may be represented by a trustee whose duty it is to care for their interests. The trustee-mortgagee might in such case file his bill in his own name for the benefit of the *cestuis que trust,* and without making them parties. *Hackensack Water Co.* v. *De Kay, 9 Stew. Eq. 552.*

The court may permit a limited number of the *cestuis que trust* to be made parties if their interests are the same, but in such case the trustee is always made a party if it be possible. If the court is to dispense with the presence of any of the *cestuis que trust,* to avoid the inconvenience of bringing so large a number before the court, it follows of necessity that the trustees of the property upon which the court is to act should be parties to the record, that they may inform the court whether the record is sufficiently framed in the interests of all the *cestuis que trust* by the selection of those who are made parties to represent the interests of all. *Holland* v. *Baker, 3 Hare 68.*

Ordinarily, in a foreclosure bill, the trustee-mortgagee should be complainant ; but if the trustee refuses to act, any bondholder may file a bill, but he will not be permitted to proceed without

bringing in the other bondholders in some manner. *Hacken-sack Water Co.* v. *De Kay, ubi supra.*

In the case last cited, the trustee refused to file a bill, and some of the bondholders filed one, making the trustee a defendant as the representative of the other bondholders. The court permitted the cause to proceed, because the trustee as a defendant still represented all the other bondholders, and their several rights as between themselves, could be ascertained by bringing them before the master.

When, on the face of the bill, it is shown that the *cestuis que trust* who should be parties, are not brought in, the bill is demurrable (*Tyson* v. *Applegate, 13 Stew. Eq. 311*), or else the bill should state a sufficient reason why they are not made parties to the record. *Holland* v. *Baker, ubi supra.* But if in the nature of the case it is apparent that the number of the *cestuis que trust* is so great and their location so world wide that the complainant cannot bring them all in, the court will permit the trustee to represent them. *Willink* v. *Morris Canal Co., 3 Gr. Ch. 398.*

In the case under consideration the complainant filed his bill in his own name, against the demurrant as purchaser and holder of the equity of redemption and the demurrant's wife, as being entitled to an inchoate right of dower. Neither the trustee-mortgagee nor any other bondholder is made a party complainant or defendant. In justification of the omission to make the trustee-mortgagee a party, the complainant alleges that the trustee is a corporation, and that it has been dissolved and its charter forfeited, and that it is, therefore, no longer capable of acting as trustee. This may be some reason for not making the defunct corporation a party, but an examination of the mortgage as set out in the bill shows, and the complainant in his bill admits, that this incident was by the express terms of the mortgage contemplated and provided for, so that if the trustee-mortgagee should become incapable of acting in the trust, a new trustee might be appointed by the mortgagor, with the consent of a majority in interest of holders of the bonds, and if, after reasonable exertion, this proved impracticable, then the holder of $10,000 of the bonds might, on thirty days' notice, apply for

the appointment of a new trustee. The complainant states that he and others did request the mortgagor to appoint, but he does not show that a majority of the bondholders requested or consented, or that he had sought to obtain a majority to consent, and that they refused. The complainant holds $12,000 of the bonds—more than enough (if he had exhausted all other modes of securing a new trustee) to enable him to have a new trustee appointed on his own application, and he admits that he has made no effort thus to have a new trustee appointed.

His excuse for this omission is that it would result in delay, inconvenience and expense. As to the delay, the decree of forfeiture against the trustee-mortgagee was made May 10th, 1891. The complainant became the holder of his bonds prior to October, 1892. On October 1st, 1892, the mortgagor defaulted in the payment of interest upon the demand of the complainant. He was, therefore, notified on that date to look to his remedies. The only step shown to have been taken by him to carry into effect the provisions of the mortgage between October 1st, 1892, and May 16th, 1896, when he filed this bill, was the request which he alleges he and others made that the mortgagor should appoint a new trustee. He waited over three years and seven months without taking the remedy which, by the express terms of the mortgage, it was in his own power, as the holder of $10,000 of the bonds, to invoke. The delay seems to have been largely his own choice. As to future delay, the proceeding to appoint a new trustee may be initiated by the complainant himself, and is summary in its nature. There need be no delay; it is in his own power to expedite the appointment.

As to the allegation of inconvenience and expense: The court will not relieve the complainant from his duty to bring all parties in interest before it, simply because it may be difficult or annoying. The inconvenience must be such that if the rule were enforced the complainant would be subjected to very great expense, or to such additional inquiry and procedure that to burden him with it would amount to a denial of the aid of the court in the recovery of his money, as in the case of *Van Vechten* v. *Terry, 2 Johns. Ch. 197*, where there were two hundred and fifty owners,

and a nominal trustee for them all was held to be a sufficient defendant; *Willink* v. *Morris Canal Co.*, *supra*, where the great sum loaned, $750,000, was likely to embrace a large number of persons, so scattered over the face of the world that it would be impossible for the complainant to find them, and the complainant, who was trustee, was allowed to proceed without these *cestuis que trust;* and *Hackensack Water Co.* v. *De Kay, 9 Stew. Eq. 37, 550,* where one hundred and thirty-two bonds were secured by the mortgage and the complainants held only twenty-four, and they applied to the trustee to foreclose, and when he refused, made him a defendant. Cases of this character are exceptional; the trustee stands as the representative of the interests of all the *cestuis que trustent*, and when he is made a party, the court does not require the *cestuis que trustent*, if they can only be brought in under great expense and hardship to the complainant, to be made parties.

In *Tyson* v. *Applegate*, *ubi supra*, the general rule and the exceptions are discusssd by the court of errors, and a demurrer for want of parties was sustained where a trustee and three *cestuis que trust* under a trust mortgage were not made parties.

In the case under consideration the complainant may, on his own application, have a trustee appointed who will represent all the bondholders. By accepting his bonds, with these provisions in the mortgage, he agreed that he would adopt this mode of procedure, and nothing is alleged in the bill to show that it is either unduly expensive or seriously inconvenient, nor are these results reasonably inferable from the character of the case. The conjecture set out in the bill that the new trustee to be appointed on the application of the complainant himself would be hostile to his interests and those of the other bondholders, and would require burdensome indemnity and fees for services &c., is not a statement of existing facts, but is a mere suggestion of the apprehensions of the complainant, and is not in accord with the usual experience in such cases.

If the agreed mode of securing a new trustee should fail when the complainant tries to enforce it, this court, on proper proceedings, can relieve the situation by an appointment, and if

the trustee should make unreasonable demands of the *cestuis. que trust*, this court will compel him fairly to discharge his duty. *McFadden* v. *Mays Landing and Egg Harbor Railroad Co., 4 Dick. Ch. Rep. 189.*

I think the complainant, having the power to provide a trustee, who might execute the trusts and conduct the foreclosure in the interests of all the *cestuis que trust*, was bound to have secured such a trustee and to have made him a complainant, or if he refused to act, then a defendant, and that the bill is, for the omission to do this, demurrable.

In addition to the specified grounds of demurrer, the defendant on the hearing further demurred, *ore tenus*, that even if the complainant might, as a bondholder, bring the suit in his own name, yet if there was no trustee before the court, as a party either complainant or defendant, to represent and protect the interests of all the bondholders, the complainant bondholder who filed the bill was bound to bring the other bondholders in as defendants.

The complainant replied to this criticism, that no specification has been made of this ground of demurrer under rule 209.

Under a general demurrer for want of equity, a demurrer *ore tenus* may be made for want of parties. *Stillwell* v. *McNeely, 1 Gr. Ch. 306.*

The rule (209, formerly 225) which prescribed that a demurrer shall distinctly specify the grounds upon which it is based, is held to be obligatory only when the defect in the bill is obscure to such an extent that the court, on inspecting the bill, cannot readily discern it, or when the defect is collateral to the main case made by the bill. *Essex Paper Co.* v. *Greacen, 18 Stew. Eq. 504; Van Houten* v. *Van Winkle, 1 Dick. Ch. Rep. 380.*

In the case under consideration there are several clauses in the mortgage and other facts set out on the face of the bill which manifestly show that other bondholders than the complainant have equitable rights which will be vitally affected by the decree which he seeks to obtain in this case, and that the failure to bring them before the court may prevent a proper decree.

The omission to make these fellow-bondholders (some at least of whom were known to the complainant) defendants in this suit, when no trustee who could represent them is made a party, is a defect so plainly apparent upon the face of the bill that, under the construction given to rule 209, this particular defect need not be specified.

The reference on the face of the bonds to the provisions of the mortgage gave notice to the complainant of the clauses which provide for the appointment of a new trustee, and that proceedings in foreclosure could be taken only by a trustee, and not by a bondholder. All the other bondholders took their bonds with like notice. They have a right to rely upon the security of these provisions, and to expect notice either to them or to a trustee duly appointed to care for their interests, of any suit upon the mortgage.

The reasons which, in particular cases, might excuse the omission to make the *cestuis que trust* parties in a suit have been heretofore discussed, and in my judgment do not relieve the complainant of the duty to bring his fellow-bondholders into court in this case. There are but twenty-six bonds secured by the mortgage which are not held by the complainant himself. If each of these is held by a separate person, which is quite unlikely, there would be a necessity to make parties of but twenty-six additional persons. Neither in the bill nor in the nature of the case does any fact appear which goes to show that the bringing these persons into court would either require an extravagant outlay or be an intolerable hardship.

In the bill the complainant states that many of the other bondholders are unknown to him. He thus shows that he must know some of them, and he does not disclose how many are unknown.

To hold that a single bondholder, under a trust mortgage, may solely foreclose without making any trustee a party, though the mortgage gives him the power to secure a trustee to be made, and without making his fellow-bondholders parties, though there is no showing that their number is great or their identity or location unknown, would in my view be a dangerous

exercise of the power of the court to relax when absolutely necessary, the application of well-known rules of procedure, of which all men have knowledge, and upon the observance of which they have a right to rely.

I will advise a decree sustaining the demurrer, with costs, upon the grounds above indicated, with leave to the complainant to amend his bill within sixty days (to give him time to secure a trustee), or that, in default thereof, his bill be dismissed, and with further leave to apply to have his time to amend extended.