Schultze *v.* Van Doren.

EMIL SCHULTZE, JR., and LEONARD KALISCH,

*v.*

HOWARD J. VAN DOREN et ux., EDWIN B. GOODELL, trustee, JOHN WILDE, JAMES H. MOORE and THE BLOOMFIELD AND MONTCLAIR CRYSTAL ICE COMPANY.

[Submitted May 29th, 1902.   Decided May 29th, 1902. Filed April 6th, 1903.]

1. In a suit by bondholders of a corporation to foreclose a mortgage securing the bonds, evidence *held* to establish that the bonds were issued for cash which actually came into the possession of the corporation, or for goods which the corporation actually received, and therefore were valid obligations.

2. Where a mortgage by a corporation was duly executed and recorded before a judgment was obtained by a creditor under which the mortgaged property was sold, and the corporation had the full benefit of the bonds which the mortgage was given to secure, the fact that the directors of the corporation, who were substantially the sole owners of its property, held the meeting at which the mortgage was authorized in another state, which fact did not appear from the mortgage, did not render it void as to such judgment creditor.

3. Where the trustee in a mortgage by a corporation given to secure bonds declined to sue to foreclose, except on unjustifiable terms, a single bondholder or several combined are entitled to maintain the suit in his or their own name or names, though the mortgage provides that the suit shall be brought by the trustee.

On bill to foreclose.   On final hearing, on bill, answer and proofs in open court.

*Mr. Edward A. Day,* for the complainants.

*Mr. Robert H. McCarter,* for the defendant Van Doren.

*Mr. James P. Northrop,* for the defendants Wilde and the corporation.

PITNEY, V. C.

This cause was heard by me on the 29th of May, 1902, and decided at once; but the decree was not presented for advice until the month of October, and was actually dated on the 28th of that month. An appeal having been taken, I have been requested to give my reasons in writing for the decree so advised.

The bill is filed by the two complainants, Emil Schultze and Leonard Kalisch, as the holders between them of nineteen coupon bonds of $250 each—$4,750 in the aggregate—given by the defendant the Montclair Crystal Ice Company to the defendant Goodell, as trustee, and secured by mortgage on certain real estate in the county of Essex. The object of the bill is to foreclose that mortgage. It, and the bonds, of which there were forty-eight, aggregating $12,000, are dated on the 1st of November, 1891, made payable in ten years, with interest semi-annually. The mortgage is simple in form, and authorizes the trustee to foreclose the mortgage in certain contingencies.

The bill was filed shortly before the principal of the bonds became due. The right of action at that time rested on the unpaid interest, but the whole matured before the hearing.

Several defences were made—(1) that it appeared, by the minutes of the corporation, that the resolution of the board of directors which authorized the mortgage was passed at a meeting held in the city of New York; (2) that the complainants, as holders of the overdue bonds, could not maintain the suit, but that it could be maintained only by the trustee, and (3) that the bonds held by the complainants were not shown to have been issued by the authority of the trustee or the officers of the corporation, or for value received.

A short history of the enterprise will assist in understanding the strength of these defences.

[Omitting discussion of evidence.]

The result is that I find the mortgage was duly executed and acknowledged, the bonds were all properly sealed and certified by the trustee, Mr. Goodell, and the mortgage was duly recorded, long before the judgment was obtained under which the defendant Van Doren claims title. So that the only objection that can be possibly urged to the mortgage is that the resolution for its execution and issuance was adopted at a meeting of the three directors held in the city of New York, instead of New Jersey.

I do not deem it necessary to go into the learning of the law upon the subject of the power of a corporation of this state to hold a meeting of directors out of the state where the by-laws do not, as they do not in this case, provide for meetings of the directors out of the state. Much might be said in favor of the position that, if such action is unwarranted by the strict rules of law, it can only be taken advantage of by some member of the corporation by means of a direct proceeding for that purpose. Here the action was taken substantially by the sole owners of the corporate property. The corporation had the benefit of the bonds issued under that mortgage; and, under those circumstances, the law is sufficiently settled in this state that the mortgage is valid and binding upon the corporation; and, if valid and binding upon the corporation, then it is good against a judgment creditor of the corporation who had notice, by the record, of its existence.

The public who take and pay for the securities so issued are entitled to presume that all necessary preliminaries, not required to be a matter of public record, have been properly performed. *7 Thomp. Corp.* §§ *8317, 8321, 8322.* In this case the defect relied upon does not appear on the face of the mortgage, and there is nothing shown in the case which should have put the investors on inquiry as to it. It would, in my judgment, be a most dangerous doctrine to hold that a corporation may be permitted to solemnly execute a mortgage and divers bonds secured thereby, and set to each its corporate seal, and record the mortgage, and issue to innocent holders its bonds for value received, and, after having received value therefor, set up that there never was any resolution of the board of directors authorizing

the making of that mortgage and the issuing of those bonds. *Hackensack Water Co.* v. *De Kay, 9 Stew. Eq. 548, headnote 8.* At *p. 566* the learned judge who spoke for the court of errors and appeals says: "In the courts of this country it may also be considered as settled law that * * * where the corporation has power, under any circumstances, to issue negotiable securities, a *bona fide* holder has a right to presume that they were issued under the circumstances which give the requisite authority; and they are no more liable to be impeached for any infirmity in the hands of such a holder than any other commercial paper." And see *Kuser* v. *Wright, 7 Dick. Ch. Rep. 825.*

This disposes of two of the defences, and leaves only the point that the suit cannot be maintained by one or more bondholders, but should have been brought in the name of the trustee.

I do not find in the mortgage any warrant for that position. It does, indeed, provide that a suit may be brought by the trustee under certain circumstances, but it does not forbid a suit by a bondholder.

And it is to be observed that the right of the bondholders in this case does not depend upon any action by the trustee in the way of declaring that the whole principal has become due before its maturity, by reason of the non-payment of interest. The bondholders had a right, at the time they filed their bill, to ask the aid of this court to collect the unpaid coupons; and when they formally, in writing, applied to the trustee to bring suit he intimated in his reply that there might be a dispute between several bondholders, and that he wished to keep himself in a' position of standing indifferent between them, and that he would require proper indemnity for his costs and expenses in conducting the suit, and intimated that he would not permit the counsel of the complainants to conduct it in his name. It is evident, from his letter, which is quite lengthy, that the trustee fancied that it was necessary, in order to justify a bill, that there should be a declaration by him founded on a default, as provided for under the terms of the mortgage. This, as I have said, was not at all necessary in order to enable the complainants to proceed.

That a single bondholder, or several combined, holding bonds secured by a mortgage given to a trustee, may maintain such a

suit in his or their own name or names, although the mortgage provides for a suit by the trustee, is well settled. The right given to the trustee to foreclose is cumulative, and not exclusive of the right of the bondholders. Their rights arise out of the fact that they are the parties beneficially interested in the mortgage security. It is primitive and fundamental in its character, and can be taken away only by some provision, express or implied, found in the instrument itself. *McFadden* v. *Railroad Co., 4 Dick. Ch. Rep. 176,* where will be found an exhaustive consideration of the subject by Vice-Chancellor Green; and see (on *p. 184*) his extract from the opinion of Mr. Justice Matthews, speaking for the supreme court of the United States, in *Railroad Co.* v. *Fosdick, 106 U. S. 47* (at *p. 68*). And see, also, *Johnes* v. *Outwater, 10 Dick. Ch. Rep. 398.*

In the present case the trustee did not positively decline to act, but he imposed terms which, I think, the complainants, under the circumstances, were not bound to accept, and were quite justified in falling back on what I think was their primitive right.

The concentration, in a single batch, of a large number of the bonds in the hands of the complainants, and the location of nearly all the remainder in the hands of one or two other parties, who are made defendants, the making of the trustee a defendant, produces a case which prevents any danger of inconvenience to result from multiplicity of suits, and which furnishes a ready and convenient mode of litigating the only substantial questions arising out of the circumstances. Every bondholder, except one to the extent of $1,000, was represented.

The decree which I have advised gives an opportunity for settling the validity of the bonds held by the defendant Van Doren in a contest over the proceeds of the sale, and in that contest proper advertisement will, of course, be made to bring in the $1,000 of bonds whose location is not actually known.