Complainants are a committee holding $203,400 par value of mortgage bonds out of a total issue of $582,000. The suit is based upon a section of the mortgage which provides that if the mortgagor shall default in the payment of any sum by it to be paid, then the rents, issues and profits of the mortgaged premises are, from the date of such default, thereby assigned as further security, to the trustee for the bondholders. The bill prays that the mortgagor, the defendant Tudor Corporation, be decreed to account for the rents collected by it since default and to pay the same over to the trustee. Complainant now moves that Tudor Corporation be restrained from disposing of any of its assets until final hearing. The argument of counsel has not been directed to the propriety of such interlocutory relief but rather to the question whether the bill of complaint, as amplified by a copy in full of the mortgage, discloses a cause of action in complainants.
Complainants' bonds recite that they are subject to all the provisions of the mortgage "as if the same were herein fully set forth." The reference on the face of the bonds to the mortgage gave notice to complainants of the clauses mentioned below.Johnes v. Outwater, 55 N.J. Eq. 398; Tachna v. Pressed SteelCar Co., 112 N.J. Eq. 174. Defendant relies especially on the following:
"Article XI. Foreclosure, sale and distribution. Section 6. Whenever under the provisions hereinafter contained it shall have become the duty of the trustee to institute legal proceedings upon the written request of the requisite number of bondholders and upon deposit or tender of deposit of the requisite number of bonds with the trustee, and upon tender of proper indemnity, and the trustee shall have wrongfully or unreasonably refused or failed to act within thirty (30) days after such request and tender of indemnity, then and in any such case, but under no other condition, the same number of bondholders who under the provisions hereof have the right to demand action by the trustee, may jointly institute such proceedings in law or equity as it was the duty of the trustee to institute, but for the legal benefit of all holders of the bonds and coupons then outstanding. Every holder of any of the bonds hereby secured, including pledgees, accepts the same subject to the express understanding and agreement that every right of action, whether at law or in equity, upon or under this indenture, is vested exclusively in the *Page 472 
trustee as trustee of an express trust, and under no circumstances shall the holder of any bond or coupon, or any number or combination of such holders, have any right to institute any action at law upon any bond or bonds or any coupon or coupons, or otherwise or any suit or proceeding in equity or otherwise, except in case of refusal on the part of the trustee to perform any duty imposed upon it by this indenture after request in writing by the holder or holders of at least fifty-one per cent. (51%) in amount of said bonds as aforesaid. No action at law or in equity shall be brought by, or on behalf of, the holder or holders of any bonds or coupons, whether or not the same be past due, except by the trustee or by the requisite number of bondholders acting in concert under the provisions of this section for the benefit of all bondholders."
The bill of complaint alleges merely that the trustee has declined and refused to join as a party complainant; and not that the holders of fifty-one per cent. in amount of the bonds have requested the trustee to take action.
As a general rule, in litigation in equity concerning a trust estate, the beneficiaries of the trust as well as the trustee are necessary parties (Day v. Devitt, 79 N.J. Eq. 342); and it does not make much difference whether they appear as defendants or complainants. When a cause of action against a third party vests in the trustee and he fails or refuses to prosecute, a beneficiary may institute the suit. Le Gendre v. Goodridge,46 N.J. Eq. 419; McFadden v. Mays Landing, c., Railroad Co.,49 N.J. Eq. 176; Johnes v. Outwater, supra; Schultze v. VanDoren, 64 N.J. Eq. 465. Complainants are properly in court unless they are debarred by the provisions of section 6 of article 11.
For the purpose of this section all possible causes of action on the trust mortgage may be divided into three groups: First, when it is discretionary with the trustee whether or not to sue; second, when the trustee is under a duty to bring suit and does so; third, when the trustee is under such a duty and yet refuses or fails to act. In the last group of cases, a majority of the bondholders (for such is the "requisite number" elsewhere stated in the indenture) but not a minority may institute action. In the other two classes the bondholders are forbidden to act, even a majority of them. Reasonable provisions of this character are not contrary to public *Page 473 
policy and are valid. Employers' Reinsurance Corp. v. BostonMutual Life Insurance Co., 45 Fed. Rep. 2d 593. But they are not favored and are strictly construed. Reinhardt v.Inter-State Telephone Co., 71 N.J. Eq. 70. Bad faith or adverse interest of the trustee or of the majority bondholders would doubtless give rise to a right of action in the minority, despite the stipulation. Brown v. Denver Omnibus and Cab Co.,254 Fed. Rep. 560. The bill presents no such equities. Complainants are precluded by the indenture from maintaining their suit. It is unnecessary, therefore, to consider the effect of the assignment of rents on which complainants rely.