1816.

VAN VECHTEN
v.
TERRY.

*VAN VECHTEN and SEBRING *against* TERRY and others.

Where real estate had been purchased by a joint fund, raised by subscription, of above 250 shares, or subscribers, and the property was conveyed to *A.*, *B.*, and *C.*, as trustees ; on a bill for the sale of the premises under a mortgage, made to the plaintiffs by the trustees, it is not necessary that the subscribers or stockholders should be made parties ; the *trustees* sufficiently representing all the interests concerned, for that purpose.

*September* 31st. THE bill in this case was filed for the sale of mortgaged premises, mortgaged to the plaintiffs by the defendants, as trustees, in pursuance of a trust contained in the deed to the defendants, for lands in the city of *New-York*, commonly known by the name of the *Washington Hall*, purchased by a joint fund, raised by a subscription in shares, by above 250 subscribers. The title to the property was never in the subscribers. There was a demurrer to the bill for the want of parties, inasmuch as the subscribers, or stockholders, were not made parties.

*Boyd*, for the plaintiffs.

*S. Jones, jun.*, for the defendants.

THE CHANCELLOR. The trustees were selected in this case to hold and represent the property, for the sake of convenience, and because the subscribers were too numerous to hold and manage the property as a copartnership. The trustees are sufficient for the purpose of this bill, which is for a sale of the pledge ; it would be intolerably oppressive and burdensome, to compel the plaintiffs to bring in all the *cestui que trusts*. The delay, and the expense incident to such a proceeding, would be a reflection on the justice of [ * 198 ] the Court. This is one of those *cases in which the general rule cannot, and need not be enforced ; for the trustees sufficiently represent all the interests concerned ; they were selected by the association for that purpose, and we need not look beyond them.

Demurrer overruled