# THE WEED SEWING MACHINE COMPANY

*v.*

## SARAH G. SMITH.

1. FEDERAL COURT—*removal of cause.* If the petition and affidavit of a defendant for the removal of a cause from the State to the United States court, fails to show that the plaintiff, at the time of the commencement of the suit, was a citizen of this State, and that the defendant was a citizen of another State, there will be no error in refusing to transfer the

cause.  An affidavit showing such facts at the time of its filing, is clearly defective, under the act of Congress of 1867.

2.  SAME—*bond of petitioner for removal to United States Court, with sureties, must be filed with petition.*  The act of Congress of 1867, relating to the removal of causes from the State to the federal courts, requires the petitioner to file a bond, signed by himself, with the petition, and proof should be made of the sufficiency of the sureties.  If the bond filed is signed by strangers only, and no proof offered of the solvency of the sureties, there will be no error in refusing to transfer the cause.

APPEAL from the Circuit Court of Peoria county; the Hon. SABIN D. PUTERBAUGH, Judge, presiding.

Messrs. JOHNSON & HOPKINS, for the appellant.

Messrs. McCULLOCH & STEVENS, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, commenced in the circuit court of Peoria county, by Sarah G. Smith against The Weed Sewing Machine Company.  A trial was had before a jury, and the plaintiff obtained a verdict for $381.40, upon which the court rendered judgment.  The defendant brings the case here, and insists upon a reversal of the judgment upon two grounds :

*First*—Because the circuit court overruled the motion of defendant to remove the cause into the circuit court of the United States, for the Northern District of Illinois.

*Second*—For the reason that the verdict is contrary to the evidence.

These positions, taken by the defendant, we will consider, in the order in which they are made.

The act of Congress of March 2, 1867, under which the motion was made to transfer the cause to the circuit court of the United States, declares :

"That where a suit is now pending or may hereafter be brought in any State court, in which there is a controversy between a citizen of the State in which the suit is brought

and a citizen of another State, and the matter in dispute exceeds the sum of $500, exclusive of costs, such citizen of another State, whether he be plaintiff or defendant, if he will make and file in such State court an affidavit, stating that he has reason to and does believe that, from prejudice or local influence, he will not be able to obtain justice in such State court, may, at any time before the final hearing or trial of the suit, file a petition in such State court for the removal of the suit into the next circuit court of the United States to be held in the district where the suit is pending, and offer good and sufficient surety for his entering in such court, on the first day of its session, copies of all process, pleadings, depositions, testimony, and other proceedings in said suit, and doing such other appropriate acts as, by the act to which this is amendatory, are required to be done upon the removal of suits into the United States Court; and it shall thereupon be the duty of the State court to accept the surety, and proceed no further in the suit."

This suit was instituted August 21, 1871. On the 9th of September, 1871, defendant filed a plea of the general issue. On the 9th of November, 1872, the petition and affidavit were filed to remove the cause from the State to the federal court.

When the defendant filed this petition and affidavit, the plaintiff filed a disclaimer of all damages above $475, and entered a motion and obtained leave to amend her declaration so that it would show her cause of action was $475. After the declaration was thus amended, the court denied the application of the defendant to transfer the cause.

It is not necessary, in disposing of this case, to decide whether the plaintiff, after the filing of a petition by defendant to remove the cause from the State court, had the right to defeat the application by an amendment of her pleadings, reducing her claim to less than $500.

The material question to be determined is, whether the petition and affidavit filed were sufficient, under the act of

Congress, to require the circuit court to transfer the cause to the federal court.

The petition and affidavit filed do not state that, at the time the suit was commenced, the plaintiff was a citizen of Illinois and the defendant a citizen of another State, which is clearly required by the act of Congress under which the petition was filed.

The affidavit, sworn to on the 12th day of August, 1872, which is the only proof of the facts contained in the petition shown by the record, shows that, at that date, the plaintiff was a citizen of Illinois and the defendant of another State. While this may be conceded as true, it by no means follows that such was the status of the parties on the 21st day of August, 1871, when the suit was commenced. For aught that appears, when the suit was instituted the plaintiff may have been a citizen of Iowa and the defendant of Illinois, or even both parties citizens of Illinois. This defect was sufficient to justify the court in denying the prayer of the petition. *The People* v. *The Superior Court*, 34 Ill. 356.

Neither does it appear, by the record, that the defendant filed a bond, with sureties, proven to be responsible.

The act of Congress requires the petitioner to offer good and sufficient surety.

We think it a reasonable construction of the act, to hold that it was the duty of the petitioner to present a bond, signed by itself, and sureties proven to the court to be sufficient. *Darst* v. *Bates*, 51 Ill. 440.

The petitioner filed a bond, not executed by itself, but signed by Geo. S. Thomas and A. S. Alexander as principals, and certain parties as sureties. · No proof was offered as to the solvency of those who had executed the instrument as sureties, and no explanation given why the petitioner did not sign the bond, or why strangers to the record were filing a bond instead of the defendant in the cause. This can not be regarded as even a substantial compliance with the act of Congress.

The second point relied upon by the defendant is, the evidence did not warrant a judgment in favor of the plaintiff.

We have neither the time nor disposition to give a detailed statement of the evidence before the jury, upon which they rendered a verdict for the plaintiff.

From an inspection of the evidence preserved in the record, it appears that the testimony of the plaintiff and that of the agent of the defendant was clearly conflicting. It was the duty of the jury to reconcile this conflicting evidence, and render a verdict in favor of the party with whom they found the preponderance of the testimony. This we are not prepared to say they failed to do, and hence we can not disturb the judgment of the circuit court. It will, therefore, be affirmed.

*Judgment affirmed.*