THE FARMERS' LOAN AND TRUST COMPANY

*v.*

THE LAKE STREET ELEVATED RAILROAD COMPANY *et al.*

*Opinion filed June 18, 1898.*

1. REMOVAL OF CAUSES—*bond filed with petition must be signed by the petitioner.* A State court may deny a petition to remove a cause to the Federal court where the bond filed with the petition is not signed by the petitioner.

2. CORPORATIONS—*foreign corporation cannot accept active trust in Illinois without depositing securities.* A foreign corporation cannot act in Illinois as a trustee, with active duties to perform, without compliance with section 6 of the act on trust companies, as amended in 1889, (Laws of 1889, p. 100,) requiring the deposit with the Auditor of the sum of $200,000 in securities. (*Pennsylvania Ins. Co.* v. *Bauerle,* 143 Ill. 459, followed.)

3. SAME—*when deed appointing corporation as trustee creates an active trust.* A trust deed executed by a railroad company, which requires the trustee, a corporation, to certify the bonds to be issued and superintend their sale and application, and to perform other duties involving the exercise of discretion, is not merely a mort-

gage, but creates an active trust, within the purview of section 8 of the act on trust companies. (Laws of 1887, p. 145.)

4. SAME—*what is "doing business" by a foreign corporation in Illinois.* A foreign corporation does business in Illinois, within the meaning of section 26 of the Corporation act, where, in performing its duties as trustee for an Illinois corporation, it certifies the bonds issued by the latter and appoints an agent in Illinois who actively superintends the sale and application of such bonds, inspects the books of the Illinois corporation, makes reports to the trustee and advises in controversies between the trustee and the Illinois corporation.

5. PARTIES—*bondholders need not be made parties where a trustee represents their interests.* A trustee for bondholders represents their interests, and when made a party to a suit affecting such interests, the bondholders, as individuals, need not be joined.

6. SAME—*when cestuis que trustent need not be joined with the trustee. Cestuis que trustent* need not be joined with their trustee or trustees in a suit affecting their interests, where they are so numerous that the delay and expense of bringing them in will be oppressive.

*Farmers' L. & T. Co.* v. *Lake St. R. R. Co.* 68 Ill. App. 666, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

This is an appeal from a judgment of the Appellate Court, affirming a decree of the Superior Court of Cook county, removing appellant as trustee under a deed of trust made by the appellee, the Lake Street Elevated Railroad Company, to appellant, the Farmers' Loan and Trust Company, and to appellee, the American Trust and Savings Bank, as trustees, and enjoining appellant from taking any steps to foreclose, or otherwise act as trustee under, the trust deed.

The bill was filed by the appellee, the Lake Street Elevated Railroad Company, on January 30, 1896, and made appellant, the Farmers' Loan and Trust Company, and the appellees, the American Trust and Savings Bank, and the Northern Trust Company, defendants. The bill alleges, that, on the 7th day of April, 1893, the complainant therein, the Lake Street Elevated Railroad Company,

made a mortgage, or trust deed, to the defendants, the American Trust and Savings Bank and the Farmers' Loan and Trust Company, as trustees; that the trust was accepted in writing by the trustees, and that the mortgage or deed of trust was duly recorded on May 16, 1893.   A copy of the mortgage was made an exhibit to the bill.

The bill further sets forth the incorporation of the railroad company under the laws of Illinois for the purpose of constructing railways, etc., with a capital stock of $5,000,000.00, divided into 50,000 shares of $100.00 each; that, in April, 1893, its capital stock was duly increased to $10,000,000.00 and consisted of 100,000 shares of $100.00 each; that the Farmers' Loan and Trust Company was a corporation organized under the laws of New York, and had not, prior to the making of the trust deed, nor since, complied with the laws of Illinois requiring a deposit with the Auditor of Public Accounts of $200,000.00 in stocks of the United States, or municipal bonds of this State, or in mortgages on improved or productive real estate in Illinois, being first liens thereon, and the real estate being worth at least twice the amount loaned thereon; that the railroad company did not know that the Farmers' Company had not complied with the laws of Illinois as to making said deposit, and that the Farmers' Company was doing business in Illinois without having made the deposit; that the Farmers' Company had appointed an agent to represent the company to enforce, on the part of the railroad company, a compliance with the trust reposed in the Farmers' Company under the trust deed; that, under the trust deed, there were certified and delivered by the trust companies the 6500 bonds referred to therein; that, after the 6500 bonds had been certified to, additional bonds were issued, which were also certified to by the trust companies and disposed of under the direction of the agent for the Farmers' Company; that, since the acceptance of the trust, the Farmers' Company has transacted and done business through its said agent,

in connection with the trust under the trust deed, and was still claiming the right to do business by the execution of the trust assumed by it; that, since the making of the trust deed, the railroad company had built, and was then operating, a railroad in the city of Chicago for the carrying of passengers within said city; that it had been unable to earn sufficient money to pay the interest on its bonded indebtedness; that one William Ziegler, of New York City, conspiring with persons representing 610 bonds of the total issue of 7574 bonds of $1000.00 each, had made a demand upon the trust companies that they proceed to foreclose and take possession of the railroad under the power in the trust deed; that a bill was filed in the circuit court of Cook county against Ziegler *et al.*, in which an injunction was issued, enjoining them and the trustees from foreclosing the mortgage upon the demand of Ziegler *et al.*, representing 605 of the 610 bonds; that the railroad company was informed by said agent of the Farmers' Company on January 28, 1896, that no other demand had been made upon the trustees, except that made by Ziegler and his associates, but that, although no other person was asking the Farmers' Company to take any action, they filed a bill to foreclose the mortgage for failure to pay the interest upon the bonded indebtedness; that said interest was paid up to January 1, 1895; that the Farmers' Company, in violation of its duty, and in order to injure and destroy the property and assets of the railroad company, intended to take possession of the property of the railroad company, or attempt to foreclose the trust deed, for a failure to pay the interest falling due on July 1, 1895, and January 1, 1896; that the holders of 6574 of the bonds had requested the trustees to take no action with reference to the failure of the company to pay the coupons due July 1, 1895, and January 1, 1896; that the American Trust and Savings Bank, on January 28, 1896, refused to join the Farmers' Company to enforce the trust deed on account of such failure; that the holders of over

6500 of the bonds, issued under the trust deed, desired that the Farmers' Company should be removed from its position as trustee for failure to comply with the law of Illinois, requiring said deposit with the Auditor of Public Accounts, and for assuming to take proceedings under the trust deed contrary to the request of the holders of a majority of the bonds issued under the trust deed.

The bill prays that a new trustee may be appointed by the court under the trust deed in place of the Farmers' Company; that an injunction be issued enjoining the Farmers' Company from taking any proceedings under the deed of trust, and for such other, and different relief, as equity may require.

An injunction was granted and served on the agent of the Farmers' Company at 11:10 A. M., January 30, 1896; summons was served on said agent on February 6, 1896. On January 31, 1896, the Farmers' Company filed a petition and bond in the Superior Court for the removal of the cause to the United States court. The petition was signed by the Farmers' Loan and Trust Company by its solicitors. The bond, filed with the petition for removal, was executed only by William Burry and Rockwell King, as obligors, and was in the penal sum of $500.00. On February 3, 1896, the Superior Court denied the motion to remove the cause to the Federal court, and exception was taken thereto by the Farmers' Company.

On March 17, 1896, the Northern Trust Company filed its answer, stating that it was informed, that the Farmers' Company had not complied with the laws of Illinois in relation to trust companies, and that, in its belief, the Farmers' Company had been doing business in Illinois, without having made the deposit aforesaid; the answer admits substantially the allegations of the bill as made therein, and also sets forth, that the Northern Trust Company is the holder of 6592 of said bonds, and has not made any demand on either of said trustees to foreclose said trust deed.

On March 18, 1896, the American Trust and Savings Bank filed its answer.

On March 25, 1896, the Farmers' Loan and Trust Company filed its answer, denying substantially all the material allegations of the bill.

On June 4, 1896, a final decree was entered by the Superior Court, finding that the allegations of the bill, as herein set forth, were true, further finding that the bill in the foreclosure case was filed at 10:35 o'clock on January 30, 1896, and that, within ten minutes after said filing, a subpœna was issued and delivered to the solicitor of the Farmers' Company, and by him delivered to the United States marshal on February 18, 1896, and served on that date; further finding, that the holders of 6574 of the bonds specially requested the American Trust and Savings Bank and the Farmers' Loan and Trust Company to take no action whatever under the trust deed; the decree also ordered, that the Farmers' Company should be removed as trustee or co-trustee under the deed of trust, and be enjoined from prosecuting any suit to foreclose said trust deed, and that the American Trust and Savings Bank should, by an instrument in writing, appoint a co-trustee in place of the Farmers' Company, and that the Farmers' Company should execute an instrument of transfer to such new trustee of all its rights and powers, etc., and in case of failure of the Farmers' Company to execute such instrument, that a master in chancery should do so, and that, upon the failure of the American Trust and Savings Bank to make the appointment within thirty days, the court thereby reserved the power to appoint a co-trustee.

Runnells & Burry, and Herrick, Allen, Boyesen & Martin, for appellant:

In order to prevent removal by a non-resident defendant by reason of the fact that a resident is a co-defendant on the face of the record, it must appear that the resi-

dent defendant is not merely a proper party, but an indispensable party to the actual controversy. *Barney* v. *Latham*, 103 U. S. 214; *McHenry* v. *Railroad Co.* 25 Fed. Rep. 67; *Construction Co.* v. *Simons*, 53 id. 4; *Deford* v. *Mehaffy*, 14 id. 181; *Bank* v. *Bank*, 37 id. 657; *Mitchell* v. *Smale*, 140 U. S. 406; *Chester* v. *Wellford*, 2 Flippin, 350; *Bank* v. *Manufacturing Co.* 7 Fed. Rep. 750; *Shattuck* v. *Insurance Co.* 58 id. 609; *Missouri* v. *Alt*, 73 id. 302.

In determining the right of removal the court will arrange the parties according to their real relation to the controversy and without reference to their position in the pleadings. *Removal cases*, 100 U. S. 457; *Barney* v. *Latham*, 103 id. 211; *Hotel Co.* v. *Wade*, 97 id. 17; *Bowdoin College* v. *Merritt*, 63 Fed. Rep. 213; 54 id. 55; *Reineck* v. *Railroad Co.* 58 id. 33; *Stewart* v. *Canal Co.* 1 id. 361; *Needham* v. *Wilson*, 47 id. 97; *Alabama Manf. Co.* v. *Robinson*, 56 id. 690; *Cilley* v. *Patton*, 62 id. 493; *Trustees* v. *Blair*, 70 id. 414; *Wolcott* v. *Sprague*, 55 id. 545; *University* v. *Railroad Co.* 47 id. 836.

Even the fact that an injunction, or other similar relief, is prayed for against the resident defendant, on allegations sufficient to entitle the complainant to such relief, will not, of itself, make the resident defendant a necessary or indispensable party in passing on the question of jurisdiction, or defeat the right of removal. *Construction Co.* v. *Simons*, 33 Fed. Rep. 1; *Deford* v. *Mehaffy*, 14 id. 181; *Bank* v. *Bank*, 37 id. 657; *Chester* v. *Wellford*, 2 Flippin, 847; *Bacon* v. *Rives*, 106 U. S. 99; *Walden* v. *Skinner*, 101 id. 577; *Bank* v. *Manufacturing Co.* 7 Fed. Rep. 750; *Railroad Co.* v. *Railroad Co.* 27 id. 770; *Ruckman* v. *Ruckman*, 1 id. 590.

A foreign corporation authorized by the State of its domicile to execute trusts needs no statutory permission to do in foreign States what it may do at home. *Cowell* v. *Springs Co.* 100 U. S. 55; *Stevens* v. *Pratt*, 101 Ill. 225.

A corporation created in one State may, upon the principle of comity, exercise within another State the general powers conferred by its own charter and permitted by the law of its own State, provided the doing so be not

inconsistent with the laws or public policy of such other State. *Lombard* v. *Aldrich*, 8 N. M. 31; *State* v. *Railroad Co.* 25 Vt. 433; *White* v. *Howard*, 38 Conn. 342; *Lathrop* v. *Bank*, 8 Dana, 114; *Thompson* v. *Waters*, 25 Mich. 214; *Thompson* v. *Swoops*, 43 Pa. St. 474; *Hollis* v. *Drew Seminary*, 95 N. Y. 166; *Cowell* v. *Springs Co.* 100 U. S. 55; *Christian Union* v. *Yount,* id. 224; *Stevens* v. *Pratt,* 101 Ill. 224; *Female Academy* v. *Sullivan,* 116 id. 375.

Taking and holding title by a trust deed given by way of mortgage to secure money is in fact taking a mortgage, and is entirely different from taking an absolute title in trust or otherwise. Jones on Mortgages, sec. 11.

A trust deed in the nature of a mortgage has all the attributes of a mortgage, and must be considered simply as a mortgage. *De Wolf* v. *Sprague Manf. Co.* 49 Conn. 319; *Platt* v. *Railway Co.* 99 U. S. 57; *King* v. *Insurance Co.* 5 N. Y. 547; *Carpenter* v. *B. H. M. Co.* 65 id. 43; *Ashurst* v. *Iron Co.* 35 Pa. St. 30; Cook on Stockholders, sec. 812, note 3; Jones on Mortgages, sec. 1770; *Bennett* v. *Bank,* 5 Humph. 612.

A mortgage is not a "trust," within the meaning of a statute regulating trusts in real property. *King* v. *Insurance Co.* 5 N. Y. 547; Cook on Stockholders, sec. 312, note 3.

KNIGHT & BROWN, for appellee the Lake Street Elevated Railroad Company:

The bond presented for removal in this cause was not signed by the Farmers' Loan and Trust Company, but was signed by two individuals. In two cases decided by our Supreme Court such a bond as presented in this cause was held to be insufficient to permit a removal of the cause. *Weed Sewing Machine Co.* v. *Smith,* 71 Ill. 204; *Railroad Co.* v. *Monaghan,* 140 id. 484.

Where a trust is vested in several trustees they all form one collective trust and must exercise the duties of their office in a joint capacity. Lewin on Trusts, sec. 298.

Where a trust or power is delegated to two or more, the concurrence of all is necessary to its execution. Perry

on Trusts, (4th. ed.) sec. 493; *Insurance Co.* v. *Bauerle,* 143 Ill. 459.

A trustee under a mortgage or deed of trust is made so by act of the parties. His duties are active. The legal title vested in him by deed cannot be divested so that a fee may be passed to the purchaser, unless he be a party to the cause. Such a trustee, instead of being a formal or nominal party, is a necessary party where the beneficiary seeks a decree of foreclosure. *Shipp* v. *Williams,* 62 Fed. Rep. 5.

A Federal question cannot be injected into a case by a petition. This doctrine is so firmly established by the Supreme Court of the United States that we only refer to two cases upon that subject, viz.: *Chappell* v. *Waterworth,* 155 U. S. 102, and *Postal Tel. Co.* v. *Alabama,* id. 486.

Receiving lands in this State by devise, and the assertion in this State of the ownership over them, are a sufficient "doing of business" in this State to bring the devisee within the purview of the language of section 26 of the Corporation act. *Female Academy* v. *Sullivan,* 116 Ill. 375.

MORAN, KRAUS & MAYER, for appellee the American Trust and Savings Bank:

Insufficiency of the bond, either as to form or sureties, is a good ground for denying the petition for removal. *Shedd* v. *Fuller,* 36 Fed. Rep. 609; *Combs* v. *Nelson,* 91 Ind. 123; *Railroad Co.* v. *Rabasse,* 44 La. Ann. 178; *Hayes* v. *Todd,* 34 Fla. 233; *Bates* v. *Railroad Co.* 39 Ohio St. 157; *McWhinney* v. *Brinker,* 64 Ind. 360; *Darst* v. *Bates,* 51 Ill. 440; *Railroad Co.* v. *Monaghan,* 140 id. 474.

It is the duty of the State court to whom the application for removal is made to inquire into the facts, and judicially pass upon the question whether or no, under the act of Congress, the case is removable, and either to grant or deny the prayer of the petition. *Mahone* v. *Railroad Co.* 111 Mass. 72; *Bryant* v. *Rich,* 106 id. 180; *Du Vivier* v. *Hopkins,* 116 id. 125; *Insurance Co.* v. *Gorbach,* 70 Pa. St.

150; *Hadley* v. *Dunlap,* 10 Ohio St. 1; *Whiton* v. *Railroad Co.*
25 Wis. 424; *Ackerly* v. *Vilas,* 24 id. 165; *People* v. *Superior
Court,* 34 Ill. 356; *Darst* v. *Bates,* 51 id. 439; *Construction Co.*
v. *Railroad Co.* 46 Iowa, 406; *Burch* v. *Railroad Co.* id. 452;
*Crane* v. *Reeder,* 28 Mich. 527; *Mabley* v. *Judge,* 41 id. 33; *In-
surance Co.* v. *Byrus,* 45 Ind. 133; *McWhinney* v. *Brinker,* 64
id. 360; *Blair* v. *West Point Manf. Co.* 7 Neb. 146; *Orosco* v.
*Gagliardo,* 22 Cal. 83; *Clark* v. *Opedyke,* 10 Hun, 383; *Cars-
well* v. *Schley,* 59 Ga. 19; *Henen* v. *Railroad Co.* 17 W. Va. 881;
*State* v. *Judge,* 23 La. Ann. 29; *Railroad Co.* v. *Railroad Co.*
17 W. Va. 812; *Tunstall* v. *Parish of Madison,* 30 La. Ann. 471.

Where it appears that a particular party, though not
before the court in person, is so far represented by others
that his interests receive actual and efficient protection,
the decree may be held to be binding upon him.    *Hale* v.
*Hale,* 146 Ill. 227.


Dupee, Judah, Willard & Wolf, for appellee the
Northern Trust Company:

A State has the right to prescribe the conditions upon
which a foreign corporation may be allowed to carry on
business within its boundaries. *Bank* v. *Earle,* 13 Pet. 519;
*Paul* v. *Virginia,* 8 Wall. 168; *Ducat* v. *Chicago,* 10 id. 410;
*Cooper Manf. Co.* v. *Ferguson,* 113 U. S. 732.

Under the general policy of this State no foreign cor-
poration can acquire or hold title to real property in Illi-
nois in trust for others. *Carroll* v. *East St. Louis,* 67 Ill. 565;
*Female Academy* v. *Sullivan,* 116 id. 385; *Starkweather* v. *Bible
Society,* 72 id. 50.

The cases holding that a foreign corporation may loan
money in Illinois, take mortgages thereon and acquire
title thereunder to land in Illinois, and the provisions of
the act entitled "An act to enable corporations in other
States and countries to loan money in Illinois, to enforce
their securities and acquire real estate as security," in
force July 1, 1875, make no exception to the rule. Trusts
for others are not involved therein.

A foreign corporation could not become a trustee in this State without compliance with the act of July 1, 1887, in relation to trust companies. *Female Academy* v. *Sullivan*, 116 Ill. 375; *Insurance Co.* v. *Bauerle*, 143 id. 459.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

*First*—It is claimed, on the part of the appellant, that the trial court erred in retaining jurisdiction of the cause after the filing of the petition and bond for its removal to the United States court. There was no error in this action of the trial court. The petition for the removal was signed by the appellant, the Farmers' Loan and Trust Company, one of the defendants in the court below; but the bond, filed with such petition for removal, was not signed by the appellant. This condition of the bond justified the court in denying the motion for the removal of the cause.

In *Weed Sewing Machine Co.* v. *Smith*, 71 Ill. 204, we said (p. 207): "We think it a reasonable construction of the act (of Congress) to hold, that it was the duty of the petitioner to present a bond signed by itself, and sureties proven to the court to be sufficient. The petitioner filed a bond not executed by itself, but signed by George S. Thomas and A. S. Alexander, as principals, and certain other parties as sureties. No proof was offered as to the solvency of those who had executed the instrument as sureties, and no explanation given why the petitioner did not sign the bond, or why strangers to the record were filing a bond instead of the defendant in the cause. This cannot be regarded as even a substantial compliance with the act of Congress." As, in the *Weed Sewing Machine Co. case*, the bond was signed by persons not parties to the record, so, here, the bond was signed by Burry and King, neither of whom was a party to the record. The case of *Weed Sewing Machine Co.* v. *Smith, supra*, was approved in *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *Monaghan*, 140

Ill. 474, where the act of Congress was referred to, which provides that the petitioner "may make and file a petition," etc., and requires that he "shall make and file therewith a bond with good and sufficient surety," etc., and where we said: "The third objection was that the bond filed was not the bond of the defendant. Upon hearing and argument the court held the objections to be good, and we think that its ruling was correct upon the authority of the case of *Weed Sewing Machine Co.* v. *Smith*, 71 Ill. 204." This disposes of the first error assigned by the appellant, which we deem it necessary to notice.

*Second*—It is further claimed by the appellant, that the court below erred in decreeing that the appellant be removed as trustee. Whether or not the decree was correct in ordering such removal depends upon the solution of the question, whether the appellant was bound to comply with the requirements of the act of 1887, as amended in 1889, regulating trust companies. Section 1 of said act, as amended, provides that "any corporation which has or shall be incorporated under the general incorporation laws of this State, being an act entitled 'An act concerning corporations,' and all amendments thereof, for the purpose of accepting and executing trusts, and any corporation now or hereafter authorized by law to accept or execute trusts may be appointed assignee or trustee by deed, and executor, guardian or trustee by will, and such appointment shall be of like force as in case of appointment of a natural person."

Section 6 provides: "Each company, before accepting any such appointment or deposit, shall deposit with the Auditor of Public Accounts for the benefit of the creditors of said company, the sum of $200,000.00 in stocks of the United States, or municipal bonds of this State, or in mortgages on improved and productive real estate in this State, being first liens thereon, and the real estate being worth at least twice the amount loaned thereon," etc. (Sess. Laws of Ill. of 1889, p. 99). Section 8 of the orig-

inal act provides as follows:   "It shall not be lawful for any such company to accept any trust or deposit as hereinbefore provided, after the passage of this act, without first procuring from the Auditor of Public Accounts a certificate of authority, stating that such company has complied with the requirements of this act in respect to such deposit." (Sess. Laws of Ill. of 1887, p. 145).

The act of 1887, and the amendments to it made in 1889, refer to corporations organized under the laws of Illinois.   But section 26 of the act of July 1, 1872, concerning corporations, provides as follows:   "Foreign corporations, and the officers and agents thereof, doing business in this State, shall be subjected to all the liabilities, restrictions and duties that are or may be imposed upon corporations of like character organized under the general laws of this State, and shall have no other or greater powers.   And no foreign or domestic corporation established or maintained in any way for the pecuniary profit of its stockholders or members, shall purchase or hold real estate in this State, except as provided for in this act." (2 Starr & Cur. Stat. p. 619).   The appellant, the Farmers' Loan and Trust Company, is a corporation, organized under the laws of the State of New York for the purpose of accepting trusts and for other purposes. The act of 1887, as amended in 1889, regulating trusts, is made, by section 26 of the general Corporation act, to apply to foreign, as well as domestic corporations, which come within the terms of its provisions.   So far as appellant stands related to the act of 1887, as amended in 1889, its position is not different from that of a domestic corporation.   The inquiry then arises, whether the appointment of the appellant as trustee under the trust deed, sought to be foreclosed by the bill herein, comes within the requirement of section 6 of said act of 1887, as amended in 1889.   It is conceded, that the appellant has never complied with said section 6 in the matter of depositing with the Auditor of Public Accounts the sum

of $200,000.00 in stocks, or bonds, or mortgages, as specified in said section.

It is said, that the taking of a mortgage by a corporation to secure a debt to it is not within the prohibition of the statute, and that, as a trust deed is the same as a mortgage, a trust under a trust deed is not within the purview of the statute. The rule, however, that the statute does not apply to a mortgage or trust deed which is a mere security for a debt, includes only such mortgages or trust deeds as contain no special powers involving active trusts. The trust instrument, however, in the present case, imposes trust duties of an active character. This will readily appear by reference to the trust deed, executed by the railroad company to the appellant and the American Trust and Savings Bank.

By the terms of the trust deed the trustees are required to certify the bonds to be issued, and to superintend their sale and application. Such action by the trustees under the mortgage or trust deed necessarily precedes the sale of the bonds to be issued, and the incurring of the indebtedness evidenced thereby. Interest does not commence to run, nor are payments to be made, until such certification takes place. It cannot be said, therefore, that the trust deed secures any indebtedness to the trustees, or any indebtedness actually existing to those represented by the trustees at the time of the execution of the trust deed. By the terms thereof the trustees are to certify and deliver 6500 bonds, amounting in the aggregate to $6,500,000.00, to be first issued. The bonds are to be issued under the supervision of the trustees as follows: 1000 to retire 812 of the six per cent bonds of the Lake Street Elevated Railway Company—the old company. These bonds are to be reserved in the possession of the trustees and delivered only upon the retirement and canceling of the old bonds. That is to say, whenever any of said six per cent bonds outstanding are paid or retired they are to be canceled, and the trustees are to

certify and deliver to the railroad company, or its order, a proportionate number of the 1000 thereby secured and reserved; 5150 of the bonds are to be used in the acquisition of a right of way, and construction upon a designated route; 350 bonds are to be used for the lawful purposes of the company in the discretion of the directors.  The 5500 bonds last mentioned are to be certified and delivered by the trustees.  Additional bonds are authorized as follows: 850 bonds for each additional mile of double track road fully equipped for building the same; for paying claims for damages from operation or construction; for procuring right of way; for paying interest on its bonds during the first two years of its operation; 500 bonds for each bridge built over the Chicago river.  The bonds in addition to the 6500 bonds are only to be issued by resolution or order of the board of directors of the railroad company, and the certificates of the president or vice-president and chief engineer of the railroad as to the existence of the facts, necessitating the issue of said additional bonds, together with certified copies of the resolution or order of the board of directors, are to be furnished to the trustee or trustees, and written orders, copies, resolutions and certificates are made sufficient and conclusive evidence to the trustees to a statement therein contained, and are to protect them in respect to a certification and delivery of any of said bonds thereunder.  To assure the performance of these provisions, the trust deed provides as follows:  "The said trustees, if they deem proper to do so, may appoint an agent of known integrity and business capacity, with full power to dismiss him and appoint another in his stead at pleasure, who shall have the right to attend all meetings of the board of directors, have free access to, and from time to time examine, all books of account of the party of the first part, (the railroad company) appertaining to the application and expenditure of said proceeds of the sale of all of said bonds issued in excess of said 6500

bonds, and shall make full report thereof to the trustees every three months, and as much oftener as they may from time to time require for the information of the bondholders under this mortgage, and the railroad company shall pay said agent a reasonable compensation for his services during the time of the construction of said railroad, for which additional bonds are desired as aforesaid, not to exceed, however, $1000.00 per annum." The trust deed further provides, that, if default shall be made in the payment of the interest when the same becomes due when demanded, whether the same shall have continued for the period of six months or not, the trustee may, upon request of the holders of a majority in interest of the bonds then outstanding, enter into and take full possession of said railroad, and of all property thereby mortgaged, and hold, use, manage, maintain and operate the same and appoint such agents and managers as the trustees may see fit; collect and receive all revenues arising from such management and apply the same to the expenses of the trustees in the performance of the trust. The power of entering may be exercised as often as occasion may arise in the judgment of the trustees pending the trust, and they may continue to exercise the power as they may deem expedient, until the holders of a majority shall otherwise request.

The trust instrument further provides, that the trustees shall permit such necessary changes to be made in the line of the railroad, as may in their judgment be deemed advisable and advantageous. Insurance is to be effected satisfactory to the trustees, and policies are to be delivered to and kept by the trustees and to be made payable to them or to their successors. The mortgagor is to be allowed to sell parts of the mortgaged property upon consent of the trustees, who may release such property. The instrument provides, however, that no portion of the main line or branches of the railroad or any part of the principal depots, stations or terminal facilities or

other property, which in the judgment of the trustees
may be essential to the due operation of the road, shall
be released, unless replaced by property, which, in the
judgment of the trustees, is of equal value and benefit to
the efficient operation of the road.

Section 1 of the act of 1887, as amended in 1889, pro-
vides, that any corporation, authorized by law to accept
or execute trusts, may be appointed trustee by deed.
The charter of the appellant authorized it to accept and
execute trusts, and it was appointed trustee by the deed
now under consideration for the purpose of performing
the active duties hereinbefore specified. In *Stevens* v.
*Pratt*, 101 Ill. 206, it was held, that the purpose of section
26 of the general Incorporation act, as above quoted, was
to produce uniformity in the powers, liabilities, duties
and restrictions of foreign and domestic corporations of
like character and bring them all under the influence of
the same law. In *Pennsylvania Ins. Co.* v. *Bauerle*, 143 Ill.
459, it was held that, under a devise to the Pennsylvania
Company, and to certain other parties as trustees, the
Pennsylvania Company had no power to act in this State,
as such trustee, without compliance with the statute in
question, which requires the deposit of $200,000.00 in
stocks or other securities, etc. The facts in the case at
bar bring it within the doctrine of the case of *Pennsyl-
vania Ins. Co.* v. *Bauerle, supra.*

It is said, however, that section 26 of the general In-
corporation act refers only to foreign corporations "doing
business in this State," and that the appellant was not
doing business in this State. We do not think that the
evidence bears out this contention.

In *Santa Clara Female Academy* v. *Sullivan*, 116 Ill. 375,
it was held that receiving lands in this State by devise,
and asserting ownership over them in this State, were a
sufficient doing of business in this State, to bring a for-
eign corporation within the purview of the language of
said section 26. So, also, in *Pennsylvania Ins. Co.* v. *Bauerle*,

*supra,* it was held, that, where the Pennsylvania Company, a foreign corporation, received land adjoining Chicago by devise, with power to sell and dispose of the same, and to lease it and collect the rents therefrom, and asserted in this State the ownership of said land, and assumed to sell and convey it, and brought suits in the courts of this State in respect to said lands and such alleged ownership, and for the enforcement of contracts in regard to the same, such company must be held to be doing business in this State within the meaning of said section.

In the present case the trustees, under the deed of trust executed by the Lake Street Elevated Railroad Company, certified and delivered 7574 bonds of $1000.00 each. From time to time, in 1894 and 1895, the appellant rendered and mailed to the railroad company bills for certifying bonds and accepting the deed of trust, and for services in the matter of the trust deed, and for receiving subscriptions, etc., which bills were received and paid by the railroad company. The trustees exercised constant supervision over the application of the bonds as issued. Correspondence was carried on between the railroad company and the appellant in reference to questions, arising in regard to the issuance and delivery of bonds, and in regard to releases and accounts. On August 7, 1894, the appellant appointed an agent under the trust deed, who did a large amount of business in behalf of the appellant in Chicago, as such agent. This appointment was ratified and accepted by the railroad company by resolution of its board of directors. The agent accepted the agency, and frequently examined the books of the mortgagor, and looked after the issuance and application of the several lots of authorized bonds. He made reports as agent to the appellant and to the American Trust and Savings Bank. He gave advice in reference to the questions in dispute, which arose between the appellant and the railroad company from time to time. From these and other

facts appearing in the record, which it is not necessary here to specify, it is manifest that the appellant was doing business in the State of Illinois within the meaning of said section 26.

We are of the opinion, that the court below did not err in decreeing that the appellant company should be removed as trustee upon the ground of its non-compliance with section 6 of the act of 1887, as amended in 1889, regulating trust companies. It is unnecessary to consider any of the other grounds mentioned, as justifying the act of the court below in removing said trustee.

*Third*—It is further contended on the part of the appellant, that the court below erred in entering the decree appealed from without requiring all the bondholders to be made parties to the suit. We think that, under the circumstances of this case, this contention is without force.

It is true, as a general rule, that all parties interested in the subject matter of the suit should be made parties, and that, when foreclosure is sought of a mortgage or deed of trust, the *cestuis que trustent,* as well as the trustee, should be made parties, but there are two well established exceptions to this rule. The first is, that, where the absent parties are properly represented, it is sufficient to make such representatives parties to the suit. In *Hale* v. *Hale,* 146 Ill. 227, we said (p. 257): "When it appears that a particular party, though not before the court in person, is so far represented by others that his interests receive actual and efficient protection, the decree may be held to be binding upon him." Jones, on Corporate Bonds and Mortgages, (sec. 398,) says: "A trustee for bondholders represents their interests, and, when made a party to a suit affecting their interests, they are as much bound by the decree rendered in the suit as if they were individually made parties to the suit."

Another exception to the rule is, that, where the beneficiaries are very numerous, so that the delay and expense of bringing them in becomes oppressive and burdensome,

they will not be deemed necessary parties, where the trustee or trustees representing them are made parties. In *Chicago, etc. Land Co.* v. *Peck,* 112 Ill. 408, we said (p. 435): "Objection is taken that there were other necessary parties not made parties to the several bills,—that all the *cestuis que trust,* to-wit, the bondholders under the Jewett trust deed, should have been made parties by name. The general rule is, that all persons interested in the subject matter of the suit are to be made parties, and that the *cestuis que trust,* as well as the trustee, should be made parties to a foreclosure proceeding; but there is an established exception to this rule where the beneficiaries are very numerous, and certain parties to the suit are entitled to be deemed their full representatives. It has been laid down by Lord Redesdale as a general rule, that where any persons are made trustees for the payment of debts and legacies, they may sustain a suit, either as plaintiffs or as defendants, without bringing before the court the creditors or legatees for whom they are trustees, which in many cases would be impossible. Indeed, the impracticability of making the other persons parties would seem of itself a sufficient ground for dispensing with them. (Story's Eq. Pl. sec. 150). In *Van Vechten* v. *Terry,* 2 Johns. Ch. 197, where a demurrer was filed to a bill brought by trustees, without making the *cestuis que trust,* two hundred and fifty in number, parties, Chancellor Kent, in overruling the demurrer, said: 'The trustees are sufficient for the purpose of this bill, which is for a sale of the pledge. It would be intolerably oppressive and burdensome to bring in all the *cestuis que trust.* The delay and the expense of such a proceeding would be a reflection on the justice of the court. This is one of those cases in which the general rule cannot and need not be enforced, for the trustees sufficiently represent all the interests concerned; they were selected by the association for that purpose, and we need not look beyond them.' (And see *Shaw et al.* v. *N. C. R. Co. et al.* 5 Gray, 162; Story's Eq. Pl. secs. 142,

216, 217). We regard the present as a clear case within the exception to the general rule of equity pleading, that all persons interested in the subject matter of the suit must be made parties to the bill."

In *St. Louis and Peoria Railroad Co.* v. *Kerr*, 153 Ill. 182, which was a suit to enforce a lien against a railroad company, and where the Central Trust Company of New York was made a defendant, it was insisted that the court was without jurisdiction to render a decree, because certain bondholders were not made parties defendant, but we there said (p. 196): "It is a general rule in chancery, that all persons interested in the subject matter of the suit should be made parties, and that, in the case of foreclosure of a deed of trust, the *cestuis que trust*, as well as the trustee, should be made parties. But where the beneficiaries are very numerous, and they are represented by the trustee, and the bonds secured by the deed of trust are transferable by delivery only, they are not necessary parties. * * * The trust company assumed to act for the bondholders, and, if it desired them to be made parties, it was its duty to then have disclosed their names, and made the request to the circuit court. Not having done so, the presumption is that it had authority to act."

Applying the rules thus laid down to the facts of the present case, we find that the bondholders who were not made parties to the suit in person, are properly represented, so as to insure a protection of their interests. The two trustees in the trust deed, now under consideration, to-wit, the appellant, the Farmers' Loan and Trust Company, and the appellee, the American Trust and Savings Bank, are parties defendant to the suit. They represent the interests of all the absent bondholders in a general way. It is to be remembered, that, by the terms of the trust deed in this case, the trustees are authorized to foreclose the mortgage or trust deed. It is also provided in the trust deed, that every holder of the bonds thereby secured accepts the same, subject to the express under-

standing and agreement that every right of action, whether at law or in equity, under the trust deed, is vested exclusively in the trustees; and it is further therein provided that, under no circumstances, shall the holder of any bonds or coupons, or any part of such holders, have any right to institute any action at law upon any coupon or coupons or otherwise, or any suit or proceedings in equity or otherwise, for the purpose of enforcing payment, etc., or to foreclose said mortgage, except in case of refusal by the trustees to perform the duty imposed on them. In addition to this, it is conceded that, of the 7574 bonds issued, the appellee, the Northern Trust Company, one of the defendants below, is the holder of 6594 of said bonds. The Northern Trust Company thus appears in the suit as the representative of a large majority of the bond-holders. It also appears clearly from the evidence, that one Ziegler and his associates, holding 610 of the bonds, are represented by the appellant, the Farmers' Loan and Trust Company, and by the counsel appearing for appellant in this case. As to the remaining 250 of the bond-holders, they are represented by the trustees in the trust deed, who were defendants in the court below. Their number corresponds exactly with the number of the *cestuis que trustent*, to-wit, 250, named in *Van Vechten* v. *Terry*, 2 Johns. Ch. 197, quoted in *Land Co.* v. *Peck, supra*, as to which number it was there said, that the trustees were sufficient representatives thereof for the purposes of a bill, asking a sale of the pledge or mortgaged property.

Some other points are urged against the correctness of the decree entered by the court below, but they are unimportant, and we do not deem it necessary to enter into a discussion of them. What is said above sufficiently disposes of the material opposition made by counsel to the decree of the trial court.

The judgment of the Appellate Court and the decree of the Superior Court are affirmed.

*Judgment affirmed.*