## James M. Morse v. Holland Trust Co. et al.

1. CHANCERY PLEADING—*Proof as to Allegation Not Denied.*—In equity pleading allegations of the bill not referred to in the answer are not thereby admitted but must be proven.

2. FOREIGN CORPORATIONS—*Acting as Trustees in This State.*—A foreign corporation can not execute in this State any active powers conferred upon it by a trust deed without first complying with the provisions of the statute.

3. STATUTES—*Construction of the Act of June 15, 1887.*—The act of June 15, 1887, entitled "An act to provide for and regulate the administration trusts by trust companies" (Laws 1887, 144), was enacted as a defense to creditors, and is not to be interpreted so as to deprive the holders of purchase money bonds of their security because of the failure of the trustee named in the instrument securing them to properly qualify.

4. REDEMPTION—*Right of, Must be Exercised in Compliance with the Statute.*—Parties desiring to redeem property from a judicial sale must, at their peril, bring themselves within the provisions of the statute.

Morse v. Holland Trust Co.

5. SAME—*Preferences Between Creditors Not to be Determined by a Cross-bill.*—Which of several judgment creditors is first entitled to redeem can not be determined on a cross-bill in a foreclosure suit.

**Foreclosure of a Trust Deed.**—Trial in the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Decree for complainants; error by defendant, Morse. Heard in this court at the May term, 1899. Affirmed. Opinion filed July 20, 1899.

ARTHUR KEITHLEY, attorney for plaintiff in error.

Corporations have no common law powers to act as trustees.   U. S. Trust Co. v. Lee, 73 Ill. 142; Angell & Ames on Corporations, 100; Hill on Trusts, 48; Am. & Eng. Ency. of Law (2d Ed.), Vol. 7, p. 726.

A corporation created in one State can not exercise its functions in another State without permission of the latter State.   Ducat v. City of Chicago, 48 Ill. 172; Cinn., etc., Co. v. Rosenthal, 55 Ill. 85; Carroll v. City of E. St. Louis, 67 Ill. 568; Hooker v. California, 155 U. S. 648.

A non-resident corporation must both aver and prove that it has complied with the local law before it can maintain its suit in that jurisdiction.   Ins. Co. v. Wright & Son, 55 Vt. 527; Walburn v. Ingilby, 1 M. & K. 61; Christian v. Am. Freehold Land Mtg. Co., 89 Ala. 198; Farrior v. New Eng. Mtg. Sec. Co., 88 Ala. 275; Taber v. Loan Assoc. (Tex.), 40 S. W. Rep. 954; Cumberland Co. v. Canter Co. (Tenn.), 35 S. W. Rep. 886.

A corporation created by another State loaning money in Alabama, before it had complied with the law of Alabama, can not maintain a suit to foreclose the mortgage, for it is void.   Farrior v. N. E. Mtg. Co., 88 Ala. 275; Christian v. Am. Mtg. Co., 89 Ala. 198.

A foreign corporation can not act as trustee in this State until it complies with our laws.   The Penn. Co. v. Bauerle, 143 Ill. 459.   See also Buell v. Breese Mill & Grain Co., 65 Ill. App. 271; Pierce v. The People, 106 Ill. 11; Cinn. Mut. H. A. Co. v. Rosenthal, 55 Ill. 85; Thompson on Corporations, Sec. 7920; Starkweather v. Am. Bible Soc., 72 Ill. 50; U. S. Trust Co. v. Lee, 73 Ill. 142.

A foreign corporation can not accept an active trust in

Illinois without first depositing securities, in compliance with our statute. Farmers L. & T. Co. v. R. R. Co., 173 Ill. 439.

A deed appointing a foreign corporation trustee creates an active trust, and is void unless the corporation first complies with our statute. Farmers L. & T. Co. v. R. R. Co., 173 Ill. 439.

JACK & TICHENOR, attorneys for defendants in error.

Under the laws of 1872 and 1889, relating to foreign corporations and corporations for the administration of trusts, a trust deed to a foreign trust company which has not complied with section six of our statute regulating trust companies, is not void. The absolute title passes for the benefit of the *cestuis que trust*. Fritts v. Palmer, 132 U. S. 282; U. S. Mortg. Co. v. Gross, 93 Ill. 483; Stevens v. Pratt, 101 Ill. 206; Brown v. Mortg. Co., 110 Ill. 235; Mandel v. Land Co., 154 Ill. 177; Farmers L. & T. Co. v. R. R. Co., 173 Ill. 439; Pennsylvania Co. v. Baüerle, 143 Ill. 459; Barnes v. Suddard, 117 Ill. 237; Female Seminary v. Sullivan, 116 Ill. 375; Christian Union v. Yount, 101 U. S. 352; Farmers L. & T. Co. v. C. & N. P. R. R. Co., 68 Fed. Rep. 412.

If the defendant would raise the question that a foreign corporation can not hold real estate or enforce a trust in this State, for the reason that it has not complied with the laws of this State relating to domestic corporations of like character, such fact must be specially pleaded or set up in the answer. Nelms v. Ed. & Am. Mort. Co., 92 Ala. 157; Singer Mfg. Co. v. Effinger, 79 Ind. 214; Nickels v. Association, 93 Va. 380; Ober & Sons Co. v. Blalock, 40 S. C. 31; White River Co. v. S. W. Imp. Assn., 18 S. W. Rep. 1055; Keokuk Falls Imp. Co. v. K. & D. Mfg. Co., 47 Pac. Rep. 484; Lukens Iron & S. Co. v. Payne, 43 N. Y. Sup. 376; Cone Co. v. Poole, 41 S. C. 70; Jung Co. v. Levisy, 37 S. W. Rep. 889; Norton et al. v. Trust Co., 46 S. W. Rep. 544.

If the deed is not void, but the trust is incapable of execution because the trustee has not at the time of filing the

bill or commencing action complied with the laws of the forum, the defendant can only raise the question by plea in abatement. Singer Mfg. Co. v. Effinger, 79 Ind. 264; Daly v. Nat. L. Ins. Co., 64 Ind. 6; Singer Mfg. Co. v. Brown, 64 Ind. 548; Elston v. Piggott, 94 Ind. 14; Taylor v. Goss, etc., Co., 11 Colo. 419; Jung Brewing Co. v. Levisy, 37 S. W. Rep. 889; O'Reilly v. Green, 40 N. Y. Sup. 360; Keokuk Falls Imp. Co. v. K. & D. Mfg. Co., 47 Pac. Rep. 484; Utley v. Clark, etc., Co., 4 Colo. 369; City of Chicago v. Cameron, 22 Ill. App. 91, 105.

The bringing and prosecution of a suit by a foreign corporation to foreclose a mortgage or recover a debt is not " doing business " in the State. McCall v. American Freehold Co., 99 Ala. 427; Ginn v. N. E. Mortgage Co., 92 Ala. 135; Ware v. Shoe Co., 92 Ala. 145; Scottish Am. Mort. Co. v. Ogden, 49 La. Ann. 8; Freehold Land Mortg. Co. v. Pierce, 49 La. Ann. 300; Powder River Cattle Co. v. Custer Co., 9 Mont. 145; Tabor v. Goss & P. Co., 11 Colo. 419; Fuller & Johnson Co. v. Foster, 30 N. W. Rep. 166; Hays v. Merkle, 90 Mo. App. 509; St. Louis, A. & T. R. Co. v. Phila. F. Assn., 55 Ark. 163; Texas L. & Mortg. Co. v. Worsham, 76 Tex. 556; C. B. Rogers & Co. v. Simmons, 155 Mass. 259; Conn. R. Ins. Co. v. Way, 62 N. H. 622; Ferguson v. Soden, 111 Mo. 208; Williams v. Creswell, 51 Miss. 817; National Trust Co. v. Murphy, 30 N. J. Eq. 408; Charter Oak Ins. Co. v. Sawyer, 44 Wisc. 387; Saltmarsh v. Spaulding, 147 Mass. 224; Lancaster v. Amsterdam Imp. Co., 140 N. Y. 576.

MR. JUSTICE DIBELL delivered the opinion of the court.

This was a bill filed December 31, 1897, in the Circuit Court of Peoria County, to foreclose a trust deed dated January 1, 1891, executed by the Central City Brick and Tile Company, an Illinois corporation, to the Holland Trust Company, a New York corporation, conveying sixty-seven and forty-three one-hundredths acres of land in Peoria county, with the manufacturing plant situated thereon, to secure fifty bonds of said Brick and Tile Company of the

par value of $1,000 each, evidencing purchase money of said premises due and owing to John F. Moffett, of Watertown, N. Y. The bill was filed by the Holland Trust Company, the trustee in said deed, and by the Peoria National Bank and the Peoria Savings Loan and Trust Company, Illinois corporations which, at the time the bill was filed, were the owners of forty-three of said bonds, upon which defaults had been made, entitling the holders to a foreclosure under the terms of the trust deed. The defendants were the German-American National Bank of Peoria and James M. Morse, who were alleged to be owners of others of said bonds, Arthur Keithley and the Peoria Brick Company, who were alleged to have or claim some interest in the premises subordinate to said trust deed, and the Brick and Tile Company, the grantor therein. Answers were filed by most of the defendants. Morse filed a cross-bill against the Peoria National Bank and the Holland Trust Company. Said defendants demurred to said cross-bill, and the demurrer was sustained. The abstract states that the cross-bill was dismissed for want of equity, but we do not find in the record before us any such order or any further action relating thereto. The cause was referred to a master, who took and reported the proofs, with his conclusions. All objections and exceptions thereto were overruled. A decree of foreclosure was entered, and the premises were sold to William Jack, trustee for the Peoria Savings Loan and Trust Company and the Peoria National Bank. The proceeds were distributed and a deficiency ascertained. Thereafter Morse sued out this writ of error to reverse said decree.

It is argued Morse is estopped from attacking said decree because he was, at the filing of the bill, the holder of some of the bonds secured by this trust deed. The record does not show that fact. The original bill alleged he was the holder of some of said bonds. Morse, in his answer, made no reference to that subject. In equity pleading allegations of the bill not referred to in the answer are not thereby admitted, but must be proven. (Hopkins v. Medley,

97 Ill. 402.) The master's report found the ownership of every bond of the fifty, and did not find any owned by Morse, and the decree contained the same findings except as to bond No. 33, as to the ownership of which the decree in the record before us is silent. It is not, therefore, shown that Morse is or ever was the holder of any of said bonds.

Morse obtained two judgments against the Brick and Tile Company, and under an execution issued upon the first, caused the premises in controversy to be sold by the sheriff of Peoria county, on March 22, 1897, and at the time of the hearing before the master in August, 1898, the time of redemption had expired, and it was shown that Morse then owned the certificate of purchase issued at said sheriff's sale. There was no proof as to whether there had been any redemption from said sheriff's sale, but the master found Morse the owner of the equity of redemption, and it seems to be conceded that finding is correct.

Morse proved that the Holland Trust Company had never qualified to act as trustee in this State under our statute, and thereupon argues that the trust deed is void. The only active duty said trustee performed under said trust deed, prior to filing this bill, was to certify and countersign the bonds, as required by the trust deed, in order to give them validity. That act, however, was evidently performed in New York. By filing its bill here, in conjunction with bondholders, it is only asking that it be by the court divested of its title. Clearly it can not execute in this State any of the active powers conferred and trusts imposed by said trust deed without first complying with the provisions of our statute. (Pennsylvania Co. v. Bauerle, 143 Ill. 459; Farmers Loan and Trust Co. v. Lake Street Elevated R. R. Co., 173 Ill. 439.) But in the cases just cited it is not held that a conveyance of land in this State to such a non-resident and non-complying trustee would be absolutely void and that no title would pass. The contrary is implied in the case last cited, for there the court removed the trustee, provided for the selection of another, and directed the Farmers Loan and Trust Company to exe-

cute an instrument transferring to the new trustee all its rights and powers, etc.—a wholly unnecessary and inconsistent requirement, if the court meant to hold that the trustee took nothing by the deed of trust. So, too, in the Bauerle case, *supra*, it was held that before the other trustees could act alone and convey good title, the non-resident trustee who had not complied with our laws must either comply with the requirements of our statute and procure a proper certificate thereof, "or else in some proper way shake off the trust and absolutely divest itself of the title, discretion and power that the will gives it in respect to the land situate in this State." We understand this to mean that the foreign trustee took title to the lands in this State under the will set out in that case; that if it would qualify it could then execute the trust, and if it would not qualify it could so divest itself of title as to leave its co-trustees the power to act, which they did not then possess. It would be abhorrent to the principles governing a court of equity to hold that the owners of $50,000 of purchase money bonds should be deprived of their security because of the failure of the trustee in the instrument securing them to properly qualify. Our statute was enacted as a defense to creditors, and ought not to be so interpreted as to defeat them. (Farmers Loan & Trust Co. v. C. & N. P. R. R. Co., 68 Fed. 412.) Under the doctrine laid down in the Lake Street Elevated R. R. Co. case, *supra*, if these bondholders had required active duties from the trustee they could have filed a bill for the removal of the Holland Trust Company and the appointment of a new trustee who would comply with our laws. We are of opinion this trust deed was a valid security, and that a court of equity has power to enforce it through a sale by a master in chancery.

Morse, by his cross-bill, sought to litigate, with another defendant who was a judgment creditor, the question which of them would have the first right to redeem from the master's sale. The right to redeem is a legal one, arising from the statute, and to be exercised in conformity therewith. Parties desiring to redeem must, at their peril,

Morse v. Holland Trust Co.

bring themselves within its provisions. We are not convinced that a court of equity would have jurisdiction to determine which one of several judgment creditors is first entitled to exercise that right. But whatever may be the correct conclusion upon that subject, we are of opinion such litigation is not germane to a bill to foreclose, and can not be determined upon a cross-bill in a foreclosure suit. The decree in this case allowed redemption as provided by law, and that was all upon that subject to which defendants were entitled in this case. The cross-bill charged that the Holland Trust Company was aiding and abetting said other judgment creditor, but it stated no facts in that respect, nor did it set out any acts performed by the Holland Trust Company or said other judgment creditor, and there was nothing in that naked allegation to confer jurisdiction of the cross-bill. The demurrer thereto was properly sustained. The decree is affirmed.